

777 E WISCONSIN AVE
MILWAUKEE, WI 53202-5306
414.271.2400 TEL
414.297.4900 FAX
FOLEY.COM

WRITER'S DIRECT LINE
414.319.7324
kjelenchick@foley.com

May 30, 2024

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

      RE:    *Kohler Co. v. Signature Plumbing Specialties LLC*, Case No. 1:23-cv-09686-AS

Dear Judge Subramanian:

Kohler Co. writes this letter in opposition to Signature Plumbing Specialties LLC's May 28, 2024 letter regarding Kohler's May 10, 2024 design patent infringement contentions. While Signature complains about the sufficiency of Kohler's contentions, it is less than clear what relief it is seeking from the Court. In the same Exhibits Signature filed in support of its letter, Kohler has already agreed – in email, letter, and over the phone – to supplement its contentions with additional patent figures and corresponding images of the accused Signature products either (1) after Signature produces additional product specifications and other sales collateral for the specifically-identified SKUs, which were requested via Kohler's March 15, 2024 document requests, but not yet produced, or (2) following Kohler's inspection or receipt of samples of the accused products, discovery which only became necessary in view of Signature's deficient document production. (*See* Dkt. Nos. 52-3, 52-4.)  The only question is to timing, which is entirely within Signature's control. Signature has not provided any estimation as to when its overdue documents will be produced.  And Signature's responses to Kohler's notice of inspection and request for samples are due June 20, 2024. As Kohler has already indicated, it is more than happy to conduct its noticed inspection earlier.

Signature has notice of Kohler's design patent infringement claims.  Kohler has identified by SKU the Signature products it accuses of literal infringement on a patent-by-patent basis with side-by-side comparisons of the patent figures with the available images of the Signature products. Kohler's infringement allegations are not "open-ended" as Signature suggests.  Kohler stated unequivocally in the parties' May 22, 2024 meet and confer and its May 28, 2024 letter that "Kohler included 'any similarly configured [product]' to cover the possibility that the products identified in the Accused Instrumentalities are also being offered for sale and sold under a different SKU because they are a different finish, color, have different handle configurations, etc." (Dkt. 52-4 at 3.) This gives Signature ample notice of which products are accused of design patent infringement; Kohler need not do more either under the Court's rules or the relevant legal authorities.

AUSTIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DENVER | DETROIT | HOUSTON | JACKSONVILLE | LOS ANGELES
MADISON | MEXICO CITY | MIAMI | MILWAUKEE | NEW YORK | ORLANDO | SACRAMENTO | SALT LAKE CITY | SAN DIEGO
SAN FRANCISCO | SILICON VALLEY | TALLAHASSEE | TAMPA | TOKYO | WASHINGTON, D.C.



There is no basis to provide mapping to Signature schematics or any other narrative for application of the ordinary observer test – *i.e.*, whether the ordinary observer, giving such attention as a purchaser usually gives, would find the accused design to be "substantially similar" to the claimed design, such that the ordinary observer would be deceived into purchasing the accused design believing it to be the claimed design. *See Gorham Co. v. White*, 81 U.S. 511, 528 (1871); *see also Columbia Sportswear North America, Inc. v Seirus Innovative Accessories, Inc.*, 80 F.4th 1363, 1369 (Fed. Cir. 2023). Design schematics are not the accused products. Signature concedes as it must that design patent infringement is based on a visual comparison of the asserted patent with the accused **product**. On the present record, the Signature design schematics are not the accused products. Kohler can and will supplement its infringement contentions after the necessary information about the accused products is made available to it by Signature.

There is also no basis for Kohler to provide a "narrative disclosing its infringement theories." Prevailing case law fails to support Signature's demand for anything more than what Kohler has already done. Signature's letter is merely a repackaging of its demand that Kohler provide additional annotations, explanation, or an element-by-element comparison between the patent and the accused product – this is the same type detail that was rebuffed by the case law. *See Crocs, Inc. v. International Trad Com'n*, 598 F.3d 1294, 1303–04 (Fed. Cir. 2010) ("The proper comparison requires a side-by-side view of the drawings of [] patent design and the accused products." … "Turning to this case, the Commission placed undue emphasis on particular details of its written description of the patented design. Those details became a mistaken checklist for infringement. Without a view to the design as a whole, the Commission used minor differences between the patented design and the accused products to prevent a finding of infringement. In other words, the concentration on small differences in isolation distracted from the overall impression of the claimed ornamental features."); *see also Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (rejecting element-by-element comparison); *see also Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006) ("Specifically, as noted above, the trial court mistakenly analyzed each element separately instead of analyzing the design as a whole from the perspective of an ordinary observer."). Signature's reliance on *Yama Capital* is unpersuasive and changes nothing – the patent at issue in that case was a utility patent, not a design patent. *See Yama Cap. LLC v. Canon Inc.*, No. 12 Civ. 7159(KPF), 2013 WL 6588589, at *1 (S.D.N.Y. Dec. 13, 2013).

*   *   *   *   *   *   *

As Kohler has already agreed to supplement its contentions with the additional perspective views upon receipt of the necessary information that is within Signature's control, any further relief Signature may be seeking should be denied.



Respectfully submitted,

/s/ *Kadie M. Jelenchick*

Kadie M. Jelenchick
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414.271.2400
Facsimile: 414.297.4900
*Attorney for Kohler Co.*

Kohler has stated that it will supplement its contentions as to "other products" once it gets the necessary discovery. As to the other issues, by Friday, June 21, 2024, Kohler should supplement its contentions with an explanation of why the designs indicated are substantially the same, pointing to the similar aspects of the designs.

The Clerk of Court is directed to terminate the motion at Dkt. 52.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: June 5, 2024