UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kohler Co.,

                                    Plaintiff,

            -against-

Signature Plumbing Specialties LLC,

                                    Defendant.

23-cv-9686 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

For the past couple of years, Kohler and Signature have battled over whether Signature infringed Kohler's water-faucet and bathtub design patents. Since the outset of the case, Signature has argued that Kohler, a bathroom-and-kitchen-fixture behemoth, has misused this federal forum to stifle competition by trying to flush a tiny rival, Signature, down the drain.

At this point, all that remains of Kohler's case are two patent claims, relating to the '614 (count IV of the operative complaint) and '487 patents (count V).

After the Court ordered some discovery, Signature moved for summary judgment on both claims, arguing that the patents are plainly invalid based on pre-existing faucets and tubs that Signature and others sold long before the priority dates of the patents.

After the motion was filed (but allegedly not because of the strength of Signature's arguments), Kohler moved to dismiss with prejudice its claim based on the '614 patent. Signature opposes this motion, arguing that Kohler's bid for dismissal is an effort to wash away Signature's meritorious invalidity argument.

Kohler's motion to dismiss with prejudice is GRANTED. Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Signature doesn't argue that this rule applies solely to entire "actions" as opposed to "claims." And even if that argument weren't waived, the Court observes that the balance of authority in this Circuit indicates that the dismissal of individual claims under this rule is proper. *See, e.g.*, *Nix v. Officer of Comm'r of Baseball*, 2017 WL 2889503, at *3, n.2 (S.D.N.Y. July 6, 2017) ("Although some decisions within this Circuit suggest that Rule 41(a) may only be employed to dismiss an entire controversy, more recent cases make clear that Rule 41(a) permit[s] the withdrawal of individual claims." (cleaned up)); *Akzour v. Haouzi*, 2013 WL 3972462, at *3 (S.D.N.Y. Aug. 1, 2013) (same). Second, Signature hasn't explained why dismissal with prejudice of the '614 claim would be unduly prejudicial. *See, e.g., Trustees of N.Y.C. District Council of Carpenters Pension Fund v. Mensch Millwork Corp.*, 2023 WL 5956001, at *2 (S.D.N.Y. Sept. 13, 2023) (noting "a motion for voluntary dismissal *with* prejudice is generally

subject to far less scrutiny and should be denied only where voluntary dismissal will be unduly prejudicial to the defendants" (emphasis in original and cleaned up)). Signature never filed a counterclaim seeking a declaration of the '614 patent's invalidity. If it had sought such affirmative relief, the Court would be required by Rule 41(a)(2)'s own terms to adjudicate that claim, without regard to Kohler's dismissal of its claim of infringement.

Further Kohler wants to dismiss its '614 patent claim with prejudice, and Signature's affirmative defense of invalidity is mooted by that dismissal. Kohler confirms that there will be "no relitigation" of the dismissed claim, and that "a dismissal with prejudice as to this claim means that Kohler will be precluded from suing Signature for any infringement of the '614 patent based on Signature's importation, manufacture, use, sale, or offer for sale of Signature's lavatory faucets identified in Kohler's Infringement Contentions and any substantially similar products." Dkt. 116 at 10. The Court expressly relies on this representation in granting this motion, so if Kohler tries to renege in some future case, it will face a rock-solid defense of estoppel. And of course, to the extent that Signature seeks to move for sanctions or for fee-shifting under 35 U.S.C. § 285 at the conclusion of this litigation, its rights are preserved, even with respect to the '614 patent. If those applications are made, Kohler won't be able to escape explaining how it would have plausibly countered an invalidity defense that was advanced by Signature from the outset of this case. Given all of this, Signature can't demonstrate undue prejudice in granting Kohler's motion.

That brings us to Signature's motion for summary judgment on the '487 patent claim. The '487 patent claims a design for a bathtub, and Kohler claims that Signature's BT2092 tub infringes it. But Signature argues that years before the '487 patent's 2011 priority date, it sold and installed an ADA-compliant version of that tub—the BT2006—and that this tub was the same in all respects to the tub that Kohler says infringes. Here's the side-by-side comparison of the '487 patent, the allegedly infringing BT2092, and the BT2006:



| '487 Patent | Signature's BT2092 | Signature's BT2006 |
| --- | --- | --- |

Dkt. 97 at 31.

In response, Kohler doesn't appear to dispute that if the BT2006 were sold, offered for sale, or publicly available when Signature says it was, that it would anticipate and invalidate the '487 patent. But Kohler says that Signature's evidence of any prior sale or use is inadmissible and full of holes. Plus, Signature is moving for summary judgment on a defense on which it—not Kohler—bears the burden of proof, and by clear and convincing evidence no less. *See, e.g., Guzman v.*

*Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) ("When the movant also carries the burden of proof at trial, as when he asserts an affirmative defense, his burden is even higher; he must establish beyond peradventure all of the essential elements of the claim or defense." (internal quotation omitted)).

At bottom, Kohler's argument is that Signature's case rises and falls on the testimony of its founder and president, Keith Kugler, who pieces together various evidence in the form of purchase orders, specification sheets, invoices and the like to show that the BT2006 was in fact sold and installed—in a building called the Georgica on the Upper East Side of Manhattan—long before the '487 patent. If a jury disbelieves Mr. Kugler, then Signature's evidence falls apart. If they believe him, then there's certainly enough in the record for Signature to carry its burden.

On a summary-judgment motion the Court is not permitted to evaluate Mr. Kugler's credibility. But a jury can. So the motion for summary judgment will be denied, and the Court will hold a short (one or two day) jury trial limited to the issue of Signature's invalidity defenses to Kohler's '487 patent claim. The parties should meet and confer and by December 2, 2025, propose five separate two-day periods during the months of December or January when they would be available to try this issue to a jury. Signature's owner and Kohler's CEO are both required to attend, no exceptions. The Court will provide a deadline for jury instructions, verdict sheet, and any motions in limine when a trial date is set. The Court encourages both sides to have junior attorneys actively participate at trial.

For the foregoing reasons, Kohler's motion to voluntarily dismiss Count IV with prejudice is GRANTED and Signature's motion for summary judgment is DENIED. The parties' letter motions to seal are GRANTED. The Clerk of Court is respectfully directed to terminate Dkts. 96, 102, 103, 104, 106, and 112.

SO ORDERED.

Dated:  November 26, 2025
        New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

3