UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kohler Co., <br><br>               Plaintiff, <br><br>     -against- <br><br> Signature Plumbing Specialties LLC, <br><br>               Defendant. | 23-cv-9686 (AS) <br><br> <u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

Kohler's motion to vacate the Court's November 26, 2025, order is DENIED. Although the Court agrees that bifurcation of issues for trial is not the norm, the Court believes it is warranted in this case. Signature's invalidity defense is backed by significant evidence, and if successful, it would lead to the termination of the case in a far more expeditious manner than delaying for months or years to litigate the many complex issues in Kohler's case in chief. And although Kohler mentions in conclusory fashion the possibility of "unfair prejudice," it fails to explain why the bifurcation would lead to any unfair prejudice at all. If anything, the risk of unfair prejudice is present when multiple issues are tried together and could lead to spillover effects.

It is HEREBY ORDERED, in accordance with Paragraph 10 of the Court's Individual Practices for Civil Cases (available at **https://nysd.uscourts.gov/hon-arun-subramanian**):

- No later than **Friday, December 19, 2025**, at **5:00 p.m.**, the parties shall email to the Court a PDF of the proposed joint pretrial order (described in Paragraph 10.A of the Court's Individual Practices). The proposed joint pretrial order should also be filed on ECF.
- No later than **Friday, December 19, 2025**, at **5:00 p.m.**, each party shall file and serve all other required pretrial filings. This includes motions addressing any evidentiary issues or other matters that should be resolved *in limine*, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions.
- No later than **Friday, December 19, 2025,** at **5:00 p.m.**, the parties shall provide to the Court an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.) on a flash drive.[1] The parties shall also e-mail the Court a Microsoft Word document listing all exhibits sought to be admitted. The list shall contain four columns labeled as follows: (1)

---

[1] If submission of electronic copies would be an undue burden on a party, the party may seek leave of Court (by letter-motion filed on ECF) to submit prospective exhibits in hard copy. Each hard copy shall be pre-marked with an exhibit sticker and assembled sequentially in a loose leaf binder (not to exceed 2 1/2 inches in thickness) or in separate manila folders labeled with the exhibit numbers and placed in redweld folders labeled with the case name and docket number.

"Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted."  The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in during trial.

- No later than **Friday, December 26, 2025**, at **5:00 p.m.**, the parties shall file, if necessary, any opposition to any motion *in limine*; and any opposition to any legal argument in a pretrial memorandum.

It is FURTHER ORDERED that counsel for all parties shall appear for a final pretrial conference on **Friday, January 9, 2026,** at **2:00 p.m.**, in **Courtroom 15A** of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

It is FURTHER ORDERED that prior to the Final Pretrial Conference, counsel for both parties, along with the parties themselves, shall meet in person for at least one hour to discuss settlement of this matter.

Finally, it is FURTHER ORDERED that this matter is scheduled for trial beginning **Monday, January 12, 2026, at 9 a.m. in Courtroom 15A.  That trial date should be treated as a firm date.** Signature's President and Owner Keith Kugler and Kohler's CEO David Kohler are expected to attend. (Any other executives are welcome to attend as well.) Counsel should immediately confirm the trial date with any and all witnesses and advise the Court if the date is a problem.  If counsel fails to bring any such conflict to the Court's attention within the next three days, no adjournments will be granted on that basis. Unless the parties file a stipulation of dismissal or settlement, the parties should be prepared to go to trial as scheduled. **The trial date will not be adjourned on account of a settlement in principle.**

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 122

SO ORDERED.

Dated: December 4, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2