Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T  +1 212.872.1000
F  +1 212.872.1002
akingump.com



**Michael P. Kahn**
+1 212.872.1082/fax: +1 212.872.1002
mkahn@akingump.com

January 10, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

  Re: *Kohler Co. v. Signature Plumbing Specialties LLC*, Case No. 1:23-cv-09686-AS

Dear Judge Subramanian:

  We write on behalf of Signature Plumbing Specialties LLC ("Signature") to request clarification and to address further with the Court two matters raised during the Final Pretrial Conference. The first matter relates to the jury instructions, and the second matter relates to an additional aspect of Mr. Garrels' testimony that became apparent upon a review of the hearing transcript from the Final Pretrial Conference.

  *First*, with respect to the jury instructions, Kohler has undertaken considerable efforts to insert and emphasize the "in this country" requirement for 35 U.S.C. § 102(b) (Pre-AIA). During the Final Pretrial Conference, the Court stated that the need for a *Crown Packaging* instruction would be determined by the evidence and arguments in this case. (Final Pretrial Conference Tr. at 26:2-5). Signature respectfully submits that this instruction should be included regardless of how the evidence and arguments are made because it accurately defines the contours of the rule. Signature respectfully proposes the following—"An entity outside the U.S. makes an offer for sale or sale 'in this country' when the offer for sale or sale is directed to a customer at its place of business in the U.S." The support for this statement is *Crown Packaging Tech., Inc. v. Belvac Prod. Mach., Inc.*, 122 F. 4th 919, 928 (Fed. Cir. 2024).

  *Second*, with respect to Mr. Garrels' testimony, based upon Kohler's representations to the Court, it appears as if Kohler not only intends to focus on Signature's foreign manufacture, but also intends to contrast that with Kohler's "cast iron business, which is based in Kohler, Wisconsin, at their foundry." (Final Pretrial Conference Tr. at 13:5-12). Kohler's location of manufacture is entirely irrelevant. To the extent this would be heard by the jury as a relevant point of contrast, it would be unfairly prejudicial to Signature.

  Kohler's attempt to use its "introduction" to backdoor information about its own domestic activity further highlights the concerns raised by Signature's Motion *in Limine* No. 6, which the Court granted in part. *See* Dkt. 150 at 2. In effect, Signature seeks confirmation that the Court's



United States District Court
Southern District of New York
January 10, 2026
Page 2

exclusion of testimony or argument disparaging foreign manufacturing likewise excludes any contrasting bolstering testimony or argument concerning Kohler's domestic manufacturing.

Kohler's hedge that "Mr. Garrels is quite long-winded," was a telling response to the Court's limiting instructions. (Final Pretrial Conference Tr. at 18:4-7). In the event Mr. Garrels "slips" and testifies about Kohler's domestic manufacture, Signature respectfully requests a curative instruction that "Kohler also manufactures products globally, including in China, for importation and sale in the U.S." This is a matter of public record and should not be problematic to Kohler if it has no intention of creating the improper contrast that Signature identified in its Motion *in Limine* No. 6. Notably, Signature proposed a stipulation as to this fact, but Kohler refused.

Accordingly, Signature respectfully seeks clarification or to address these matters further with the Court prior to trial.

Respectfully submitted,

Michael P. Kahn