

777 E WISCONSIN AVE
MILWAUKEE, WI 53202-5306
414.271.2400 TEL
414.297.4900 FAX
FOLEY.COM

WRITER'S DIRECT LINE
414.319.7324
kjelenchick@foley.com

January 11, 2026

Hon. Arun Subramanian
United States District Judge
South District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      **RE:**    *Kohler Co. v. Signature Plumbing Specialties LLC*, **Civil Case No. 1:23-cv-09686-AS (S.D.N.Y.)**



Dear Judge Subramanian:

We write on behalf of Plaintiff Kohler Co. ("Kohler") in response to Defendant Signature Plumbing Specialties LLC's ("Signature") January 10, 2026 Letter Motion at ECF No. 154. Signature's letter raises two issues that should be rejected in their entirety.

First, Signature's last-minute efforts to supplement the jury instructions under the auspices of a "clarification" is procedurally improper. Signature had ample opportunity to request its *Crown Packaging* instruction in the context of the parties' December 19, 2025 pretrial submissions as opposed to two nights before trial, particularly in view of the fact that Signature cited to *Crown Packaging* in support for its Signature Post-Instruction No. 9. Federal Rule of Civil Procedure 51(a)(1) contemplates providing proposed jury instructions before the close of evidence or "at an earlier reasonable time that the court orders." Your Honor ordered the parties' proposed jury instructions to be furnished on December 19, 2025, which was nearly one month ago. (*See* Dec. 4, 2025 Order.) Your Honor's Individual Practices in Civil Cases, Rule 10B(i)–(ii) further requires the parties to file motions *in limine* and joint requests to charge with the joint pretrial order. Further, with respect to proposed jury instructions, Rule 10D provides that where the parties disagree, each party must clearly set forth its proposed charge, support it with authority, and explain why it should be used.

For the first time, Signature proposed a new instruction at the January 9, 2026 Final Pretrial Conference where the Court expressly stated that, whether a *Crown Packaging* instruction would be given would depend on the evidence and arguments at trial. (Final Pretrial Conference Tr. at 26:2-5.) Signature then filed its January 10 Letter Motion which can only be viewed as a transparent attempt to derail Kohler's trial preparation. In any event, Kohler will argue at the charge conference that Signature failed to propose the new language at any point, including: the December 19, 2025 joint proposed jury instructions, despite Kohler's repeated proposed inclusion of the statutory "in this country" language (*see* Dkt. 129-4); and Signature's more recent January 8, 2026 proposed revisions the Court's January 7, 2026 draft instructions.

Signature's eleventh-hour request is untimely under FRCP 51(a)(1) and Your Honor's Individual Practices §§ 10B and 10D. The instruction language has remained unchanged since December 19, 2025. Both parties have been working with the statutory "in this country" formulation for weeks, and the additions of this phrase in the current iteration of jury instructions were added for consistency. (Jan. 9, 2026 Tr. at 25:13-15.) Signature's proposed last-minute expansion is unfairly prejudicial to Kohler who has relied on the universe of language the parties had been working with since mid-December 2025, and which the Court recently adopted over Kohler's other objections. Signature's request is particularly rich given it objected to Kohler's January 9, 2026 addition of "in this country" to the verdict form to be consistent with the jury instructions on the basis that it was a "substantive edit" and "the parties had addressed only making non-substantive edits."

Second, Signature also seeks to extend the Court's partial grant of MIL No. 6 (prohibiting disparaging references to foreign manufacturing) into a blanket ban on any mention of Kohler's domestic manufacturing. This request is overreaching and strategically designed to shield Signature's own foreign-sourcing business model from its appropriate context—a business model



that Signature itself has injected into this case. The facts, which cannot be credibly disputed, are that Signature imports the BT2006 tubs from China and relies on that foreign-sourcing history to support its § 102(b) "prior sale" defense. The manufacturer's identity and location are directly relevant to chain of custody, authenticity of documents, and whether pre-critical-date transactions constitute commercial sales within the statute.

Signature now seeks to bar Mr. Garrels from testifying about Kohler's own business background and the "story" of the patented product when the Court has already permitted Kohler to have a witness through which to provide undisputed testimony by way of an introduction to the company, the patent, its story, what the patent covers generally, and to provide context for the basic dispute. Signature's attempt to limit even incidental factual references to Kohler's domestic operations even if they relate to the embodiment of the '487 patent, such as noting that certain Kohler products are manufactured in Wisconsin, miscasts background as "bolstering" or an improper comparison. It is neither. Kohler, as a U.S.-founded company, has domestic facilities; that is a neutral fact. It is not offered to suggest comparative wealth or resource inferences, nor to disparage Signature's foreign sourcing.

Signature's proposed "curative" instruction in the event Mr. Garrels "slips" by merely referencing its domestic presence is also unwarranted and confusing. It would prompt the jury to wonder why the Court is making a point about Kohler's manufacture of products "globally, including in China," when the products manufactured outside the U.S. have no connection to the patent, the BT2006, or Signature's invalidity theory at trial. For at least these reasons, Kohler saw no need to stipulate to these issues. Furthermore, such an instruction risks introducing irrelevant facts into the jury's deliberations.

Both parts of Signature's January 10, 2025 Letter seek to reopen settled pretrial issues at the last possible moment. It is, effectively, a unilateral attempt to re-brief its Motions *in Limine* Nos. 6 and 1. The bottom line is that Signature has its own "origin story" and cannot erase it by restricting Kohler's ability to present its own background. Any incidental references to where Kohler manufactures certain products are not prejudicial in the Rule 403 sense. They do not create an undue tendency to decide on an improper basis. They are simply part of telling the jury who Kohler is and where this patent fits in its product line narrative. And to the extent "China" has relevance to this case, it is solely in connection with *Signature's* manufacturer and *Signature's* prior-sale theory.

The Court should reject the late jury-instruction request as untimely under FRCP 51 and the Court's own rules and should deny the expansion of MIL No. 6 to bar neutral background testimony about Kohler's domestic manufacturing. No further curative instruction is warranted or necessary.

Respectfully submitted,

2



Respectfully submitted,

**/s/** *Kadie M. Jelenchick*
**Kadie M. Jelenchick**

Attorney for Plaintiff Kohler Co.

3