UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kohler Co.,

Plaintiff,

-against-

Signature Plumbing Specialties LLC,

Defendant.

23-cv-9686 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

On July 24, 2026, the Court issued an opinion and order that granted in part and denied in part defendant's motion for attorney's fees. Two weeks later, defendant filed a motion for reconsideration, requesting that the Court reevaluate its decision to deny attorney's fees as to one of the counts in the complaint: Count IV. For the following reasons, that motion is DENIED.

## BACKGROUND

On November 6, 2023, Kohler Company ("Kohler") sued Signature Plumbing Specialties LLC ("Signature") for patent infringement. Dkt. 5. As relevant, the amended complaint claimed that Signature infringed five of Kohler's design patents covering various plumbing fixtures. Dkt. 33 ¶¶ 30–92 (Counts I–V).

In response to Signature's second motion for judgment on the pleadings, Dkt. 37, the Court dismissed Counts II and III, *Kohler Co. v. Signature Plumbing Specialties LLC*, 2024 WL 4880069, at *2–4 (S.D.N.Y. Nov. 25, 2024). Then, as the case progressed, Kohler voluntarily dismissed Counts I and IV. Dkts. 95, 104. By the end of 2025, the only patent claim remaining was Count V.

That claim went to a jury, and after a two-day trial, Signature prevailed. Dkt. 160. But the pitched plumbing battle wasn't over. Following the entry of judgment, Kohler moved for judgment as a matter of law, or in the alternative, for a new trial, Dkt. 173, and Signature moved for an award of attorney's fees, Dkt. 169.

On July 24, 2026, Kohler's motion was denied, and Signature's motion was granted in part and denied in part. Relevant here, the Court granted Signature attorney's fees for Counts I, II, and III but denied fees for Counts IV and V. *Kohler Co. v. Signature Plumbing Specialties LLC*, 2026 WL 2137809, at *13–17 (S.D.N.Y. July 24, 2026). Now, Signature has moved for reconsideration, requesting that the Court revisit its denial of attorney's fees for Count IV. Dkt. 193.

## LEGAL STANDARDS

A district court can award attorney's fees in "exceptional" patent cases. 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The Court exercises discretion in determining whether a case is "exceptional," considering the totality of the circumstances. *Id.*

"Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Socorro-Prospero v. M. Booth & Assocs.*, 2026 WL 1134854, at *1 (S.D.N.Y. Apr. 27, 2026) (quoting *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014)). As such, a motion for reconsideration "may be granted only in limited circumstances when the [plaintiff] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

## DISCUSSION

Signature argues that the Court overlooked the fact that it had submitted third-party prior art to Kohler as early as June 2024. Dkt. 194 at 5. According to Signature, that prior art—Aloys F. Dornbracht GmbH & Co.'s ("Dornbracht") EU registration of a faucet design and a public brochure from 2008 depicting the same—substantially weakened Kohler's case on Count IV (covering U.S. Design Patent No. D959,614), but Kohler "wholly ignored" the evidence "during discovery." *Id.* at 1. Thus, Signature presses, Kohler's decision to forgo any third-party discovery evinces that it never "intended to litigate the '614 patent to win at trial." *Id.* at 7. As a result, Signature claims that it is entitled to attorney's fees for the same reasons that the Court granted its motion for fees on Count I, i.e., Kohler's "failure to conduct any third-party discovery" and its decision to "not conduct any investigation of the European Union Intellectual Property Office Design Database." *Kohler*, 2026 WL 2137809, at *14.

The problem for Signature is that this account was not presented, or at least presented with any clarity, in its motion for attorney's fees. *See* Dkt. 170; *Henry v. Weche*, 2021 WL 4711019, at *2 (S.D.N.Y. Oct. 8, 2021) (noting that a motion for reconsideration is not an appropriate vehicle to "advance new facts, issues or arguments not previously presented to the Court" (quoting *Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000))). To see why, it's helpful to compare Signature's original arguments regarding Count I and Count IV.

On Count I, Signature stressed that "[a] suitable pre-suit investigation would have revealed that [the relevant patent] was invalid based upon the Porcelanosa prior art," which "Signature provided to Kohler in December 2023." Dkt. 170 at 16. It then went on to emphasize that "Porcelanosa's counsel directed Signature to the European Union Intellectual Property Office Design Database . . ., which revealed additional patentably indistinguishable prior art." *Id.* at 17. Having been presented with these arguments in full, the Court focused on Kohler's actions concerning

the third-party prior art (the Porcelanosa prior art) and the EU IP database. *Kohler*, 2026 WL 2137809, at *14.

But with respect to Count IV, Signature focused almost exclusively on its own prior art (rather than prior art belonging to third parties). Dkt. 170 at 20. The only references in Signature's motion for attorney's fees to the Dornbracht documents, which Signature now relies on in its motion for reconsideration, were in a chart in the background section, *id.* at 8, and a sentence that read: "Kohler's claim is invalid not only over Signature's prior sales of the accused products, but also publicly available prior art brochures and design registrations that were identical to Kohler's asserted design," *id.* at 21. This is not, as Signature now claims it was, an "argu[ment] in detail that Kohler's conduct with respect to the third-party prior art defense to Count IV was exceptional." Dkt. 194 at 2; *see Susquehanna Sec., LLC v. John Does 1 Through 100*, 2026 WL 2718826, at *5 (S.D.N.Y. Sept. 14, 2026) ("[T]he Court is not in the practice of sifting through the papers to determine if some nugget is buried somewhere in that mountain." (cleaned up)).

For instance, unlike its arguments on Count I, Signature's motion for attorney's fees did not say when it produced the Dornbracht documents to Kohler or refer to the EU IP database. *See* Dkt. 170 at 16 (noting, in reference to the Porcelanosa prior art, that Signature provided a public catalog to Kohler in December 2023). In fact, the citation that followed Signature's reference to "publicly available prior art" was to its summary judgment papers, papers that were filed less than a month before Kohler dismissed Count IV. *See* Dkt. 97; Dkt. 104. And Signature's reply brief added nothing to clarify any ostensible argument premised on third-party prior art. Dkt. 182.

In light of this, Signature's argument for reconsideration fails. It cannot now "examin[e] [the Court's] decision and then plug[] the gaps" left by its unsuccessful motion. *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017); *see also Dreni v. PrinterOn Am. Corp.*, 2021 WL 4066635, at *5 n.1 (S.D.N.Y. Sept. 3, 2021) ("[P]ermitting a litigant to make broad, general arguments when briefing a dispositive motion and then make specific, refined arguments when moving for reconsideration would be inconsistent with the guiding principle that the standard for reconsideration should be narrowly construed."). To allow it to do so would incentivize parties to leave breadcrumbs in a brief for a party to later pick up should their primary contentions prove unavailing. *See Rapaport v. Barstool Sports, Inc.*, 2021 WL 2635821, at *6 (S.D.N.Y. June 25, 2021) ("A litigant may not toss such threadbare recitals in a brief, lose its motion on the grounds actually argued, and then use a motion for reconsideration to finally formulate a coherent argument and claim that the court overlooked it."). That is not what a motion for reconsideration is for. *See Ethridge*, 49 F.4th at 688.

Finally, even if the Court was inclined to overlook these late-in-the-game revisions, Kohler's conduct still wouldn't be considered "exceptional" with respect to Count IV. What made Kohler's conduct "exceptional" for Count I was that it had, at the pleading stage, argued that the Porcelanosa prior art was "unauthenticated and thus not susceptible to judicial notice," but thereafter failed to make any effort to verify the document. *Kohler*, 2026 WL 2137809, at *13. Kohler did not, however, make the same authenticity contention with respect to the Dornbracht documents. And it is understandable why Kohler did not do so: While Signature's second motion for judgment on the

pleadings specifically referred to the Porcelanosa prior art, it made no reference to anything by Dornbracht. *See* Dkt. 38 at 13–16. Signature's Rule 56.1 statement, moreover, did not identify the Dornbracht prior art. *See* Dkt. 41. As such, Kohler's failure to conduct third-party discovery on the Dornbracht documents is not as unreasonable as was its failure to interrogate the Porcelanosa prior art. Thus, Signature has failed to show, at least on the record presented, that Kohler's actions regarding third-party discovery make its conduct as to Count IV "exceptional." The Court therefore confirms its earlier finding that Kohler's "litigation conduct" on Count IV fell "within the bounds of reasonableness." *Kohler*, 2026 WL 2137809, at *16.

**CONCLUSION**

For the foregoing reasons, Signature's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 193.

SO ORDERED.

Dated: October 30, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge